IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Phillip I White III <u>Debtor(s)</u> | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC <u>Movant</u> vs. | NO. 22-01135 HWV |
| Phillip I White III <u>Debtor(s)</u> | |
| Jack N. Zaharopoulos <u>Trustee</u> | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,904.10,** which breaks down as follows;

Post-Petition Payments:        July 2022 through November 2022 at $2,373.22/month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears    $12,904.10**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on December 2022 and continuing through May 2023, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$2,373.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$2,150.68 for December 2022 through April 2023 and $2,150.70 for May 2023** towards the arrearages on or before the last day of each month at the address below;

PennyMac Loan Services, LLC
PO Box 2410
Moorpark, CA 93020

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 17, 2022       **/s/ Denise Carlon, Esquire**
                              Denise Carlon, Esquire
                              Attorney for Movant

Date: 12/6/2022                             /s/ John Matthew Hyams , Esquire
                                            John Matthew Hyams, Esquire
                                            Attorney for Debtor(s)

Date: 12/6/2022                             *Douglas R. Roeder* (signature)
                                            Douglas R. Roeder, Esq.
                                            For Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee
                                            8125 Adams Drive, Suite A
                                            Hummelstown, PA 17036